IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

December 23, 2024

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DIANE JUDY,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-477**    (Cir. Ct. of Hardy Cnty. Case No. CC-16-2020-C-28)

**EASTERN WEST VIRGINIA COMMUNITY AND TECHNICAL COLLEGE,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Diane Judy appeals the October 3, 2023, order of the Circuit Court of Hardy County which granted Eastern West Virginia Community and Technical College's ("EWVCTC") motion for summary judgment and denied her motion for summary judgment in her gender and age discrimination case. EWVCTC filed a response.[1] Ms. Judy filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

EWVCTC, as part of the State College System of West Virginia, periodically offers commercial driver's license ("CDL") courses when there are enough interested students. The CDL course is part of the school's workforce training program that employs temporary adjunct teachers. EWVCTC maintains a pool of adjunct instructors who can be called upon to teach the CDL course.

On March 30, 2018, Diane Judy applied as a CDL instructor at EWVCTC. Her application described no prior experience training or teaching truck driver students, but she stated that she had worked on and off as a truck driver since 1999. Her highest level of education was a high school diploma. She did not submit a resume with her application. Melissa Shockey, EWVCTC's Director of Work Force Education, offered her a position. On June 18, 2018, Ms. Judy and EWVCTC entered into a contract designated as

---

[1] Ms. Judy is represented by Harley O. Staggers, Jr., Esq. EWVCTC is represented by Evan S. Olds, Esq.

1

"Agreement for Professional Services" wherein Ms. Judy agreed to serve as a CDL instructor at the school's Moorefield, West Virginia campus for the term beginning on June 25, 2018, and ending July 20, 2018. The contract expired on its own terms and contained no provision regarding renewal. Ms. Judy taught the course at a State-owned scenic overlook area near the Moorefield campus, where she oversaw students as they practiced driving maneuvers in preparation for the CDL test.

The parties executed four subsequent agreements for professional services for July 30, 2018 – August 24, 2018; September 4, 2018 – October 5, 2018; December 3, 2018 – December 28, 2018; and April 29, 2019 – May 31, 2019. As with the first agreement, each subsequent agreement expired on its own terms and contained no provision regarding renewal. Ms. Judy remained in EWVCTC's pool of instructors until October 2019 but was not offered any additional contracts to teach the CDL course after May 2019.

Representatives for EWVCTC testified that from January to March 2019, the school had no demand for another CDL course at the Moorefield campus. Ms. Shockey notified Ms. Judy that due to low enrollment, the school intended to move the course to Tucker County, West Virginia, where it had received requests for CDL courses. Ms. Shockey had previously spoken to a CDL trainer/truck driver, Stacy Scott Carr, who was interested in teaching the CDL course in Tucker County and he was added to the EWVCTC pool. Mr. Carr submitted a resume that indicated he had a lengthy history as a semi-truck driver, CDL trainer, logbook trainer, load securement trainer, and trucking company owner, and he had multiple areas of specialized training and certifications, including some college. Although the Tucker County classes never came to fruition as the enrollment was never high enough to sustain a class, Mr. Carr eventually was offered five discrete contracts to teach courses in Moorefield, the same number as Ms. Judy.

No CDL classes were offered in Moorefield between December 2018 and April 2019, when Ms. Judy was offered her final contract. During that class, EWVCTC received complaints from Pilgrim's Pride, a major employer in Moorefield that created the demand for the CDL course, that the students from Ms. Judy's courses were not getting the experience necessary to do their jobs correctly. Ms. Shockey did not offer Ms. Judy any additional contracts after May 2019 and Ms. Judy did not contact EWVCTC to inquire about any future contracts.

On or about August 18, 2020, Ms. Judy filed a complaint against EWVCTC, alleging violations of the West Virginia Human Rights Act ("WVHRA" or "the Act"), West Virginia Code § 5-11-1 to -20 (2018), specifically, that EWVCTC's decision to terminate her employment was predicated upon illegal age and sex discrimination. EWVCTC moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the West Virginia Rules of Civil Procedure, contending that Ms. Judy could not bring a claim under the WVHRA because she was not an "employee" under the Act; that EWVCTC was entitled to qualified immunity as a state agency; and that Ms. Judy failed to allege that but

for her protected status she would not have lost her job. Thereafter, Ms. Judy amended her complaint, but made no substantive changes to her claim. After a hearing on the motion to dismiss, the circuit court granted the 12(b)(6) motion, finding that EWVCTC was entitled to qualified immunity and that Ms. Judy had failed to satisfy the heightened pleading standard invoked when immunities are implicated in civil actions. Ms. Judy appealed. In May of 2022, our Supreme Court of Appeals found that EWVCTC was not entitled to qualified immunity under the WVHRA and that Ms. Judy's complaint sufficiently stated her claims, and the dismissal was reversed and remanded for further proceedings.

On November 28, 2022, Ms. Judy moved to amend her complaint again to add a claim for discrimination based on an alleged disability. She sought to add allegations that she informed EWVCTC on February 19, 2019, that she needed to undergo shoulder surgery, and that on March 13, 2019, EWVCTC informed her that a younger male teacher was selected to teach the CDL course at a new location in Tucker County. EWVCTC opposed the motion to amend, objecting to the dilatory attempt to assert a new cause of action without good cause. EWVCTC also argued that Ms. Judy was employed for another contractual period after her surgery, in April and May of 2019, defeating any claim for disability discrimination based on the surgery. The circuit court did not grant the motion.

Later in the litigation, both parties moved for summary judgment. The circuit court granted summary judgment in EWVCTC's favor, finding that Ms. Judy was not promised any future employment contract by EWVCTC after May 2019, and, therefore, she suffered no adverse employment decision. The court further noted that, in order to prove an age discrimination claim, Ms. Judy had to show that she was "replaced" by a "substantially younger" person who "engaged in the same or similar conduct for which she faced an adverse employment decision." As to what constitutes "substantially younger," our Supreme Court has stated, "[w]hile we decline to adopt a bright-line rule, we note that '[a]ge differences of ten or more years have generally been held to be sufficiently substantial' to satisfy the 'substantially younger' rule." *Knotts v. Grafton City Hosp.*, 237 W. Va. 169, 179-80, 786 S.E.2d 188, 198-99 (2016). The circuit court found that Ms. Judy could not establish that here, where she was sixty-two years old, Mr. Carr was fifty-six, and the then-current CDL instructor was sixty-six years old. The court held that there was no basis for an age discrimination claim and no evidence that EWVCTC had a history of using age for an illegitimate purpose. The circuit court also found that Ms. Judy's gender discrimination claim failed, noting that most of the adjunct instructors at the college were female, and that Ms. Judy was offered employment by Ms. Shockey over two male applicants during her initial hire. Moreover, the court found that Mr. Carr was not hired to be a replacement for Ms. Judy or anyone else, instead, he was simply another adjunct instructor who was placed in the pool to be called upon to teach if needed. Accordingly, not only did the court find that Ms. Judy failed to carry her burden to demonstrate a case of age or gender discrimination, it found numerous legitimate, nondiscriminatory reasons for not contracting with her, including but not limited to 1) her contract naturally expired per its terms; 2) her contracts were for a definite period of time and she was not entitled to

3

future contracts under the contract terms; 3) low enrollment in the CDL courses; 4) she never followed up about any future contracts but instead secretly videoed and interrupted the class; and 5) EWVCTC received complaints from a key consumer of the CDL course, Pilgrim's Pride. The court additionally reasoned that even if Ms. Judy had been "replaced" by Mr. Carr, it was undisputed that Mr. Carr was more qualified than Ms. Judy.

The circuit court held that because EWVCTC established numerous legitimate, nondiscriminatory reasons not to contract with Ms. Judy, the burden shifted to Ms. Judy to show that those reasons were pretextual. Ms. Judy identified no evidence to rebut those reasons and her response to EWVCTC's motion for summary judgment did not mention any alleged pretext. She admitted at her deposition that there was a low enrollment and that the CDL course was dependent on sufficient enrollment. She admitted she was "having a hard time meeting the demands and requirements" of Pilgrim's Pride. Finally, Ms. Judy admitted that there was no discrimination against a member of a protected class and that she had no evidence to support her gender or age discrimination claims. Considering those facts, the court concluded that no reasonable person could infer that Ms. Judy was not offered a contract based on her age or sex and granted summary judgment in EWVCTC's favor. It is from this order that Ms. Judy now appeals.

This Court accords a plenary review to the circuit court's order granting summary judgment: "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id*. at 190, 451 S.E.2d at 756, syl. pt. 4. We note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but it is to determine whether there is a genuine issue for trial." *Id*. at 190, 451 S.E.2d at 756, syl. pt. 3. Finally, we recognize that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Williams v. Precision Coil, Inc*., 194 W. Va. 52, 60, 459 S.E.2d 329, 337 (1995) (citation omitted).

The Supreme Court of Appeals of West Virginia has held,

> "[i]n order to make a prima facie case of employment discrimination under the West Virginia Human Rights Act, W. Va. Code § 5-11-1 *et seq*.

4

(1979), the plaintiff must offer proof of the following: (1) That the plaintiff is a member of a protected class. (2) That the employer made an adverse decision concerning the plaintiff. (3) But for the plaintiff's protected status, the adverse decision would not have been made." Syllabus Point 3, *Conaway v. Eastern Associated Coal Corp.*, 178 W. Va. 164, 358 S.E.2d 423 (1986).

Syl. Pt. 1, *Knotts v. Grafton City Hosp.*, 237 W. Va. 169, 786 S.E.2d 188 (2016). Ms. Judy's age and sex discrimination claims are disparate treatment claims in which she alleges she was intentionally discriminated against on the basis of her age and sex. "The burden of proof in a disparate-treatment . . . discrimination case is allocated between the parties according to the framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Knotts* at 175, 786 S.E.2d at 194. "Establishing a prima facie case raises only an inference of discrimination. The defendant can then offer legitimate nondiscriminatory explanations for the allegedly discriminatory acts." *Henson v. Liggett Group, Inc.*, 61 F.3d 270, 274 (4th Cir. 1995) (citing *McDonnell Douglas,* 411 U.S. at 802). If a defendant makes this showing, the plaintiff is required to show that the legitimate, nondiscriminatory reason for her termination was pretextual. *See Conaway,* 178 W. Va. at 166, 358 S.E.2d at 425, syl. pt. 4.

On appeal, Ms. Judy presents four assignments of error, which we will paraphrase for clarity. She argues that EWVCTC's decision to replace her with a younger male was an adverse employment decision. She further argues that because she was replaced with a younger male, she should be allowed to present her case to a jury because she only needs to show an inference of discrimination pursuant to Syl. Pt. 2, *Barefoot v. Sundale Nursing Home*, 193 W. Va. 475, 457 S.E.2d 152 (1995).

Upon review, we find no error in the circuit court's grant of summary judgment. Ms. Judy failed to present any evidence that EWVCTC made an adverse decision concerning her employment. She was not terminated or replaced, rather her contract expired, and she was entitled to no future contracts. Ms. Judy testified at deposition that she was not promised a future contract. She acknowledged that there was low enrollment and that whether a CDL class was offered depended on sufficient enrollment. She remained in the adjunct pool and was even given a contract after EWVCTC was in discussions with Mr. Carr to join the adjunct pool and possibly teach another CDL course at the Tucker County location. Moreover, Ms. Judy cannot show that, but for her age or sex, EWVCTC would have contracted with her. The undisputed evidence shows that she was eventually removed from the adjunct pool the same way in which Mr. Carr was, after teaching the same number of courses. There is no evidence that her age or gender played any role in any decision regarding her employment. Accordingly, because she cannot establish a prima facie case of discrimination, she is not entitled to present her case to a jury.

Next, we turn to Ms. Judy's argument that the circuit court should not have considered "after-acquired evidence" of alleged misconduct by Ms. Judy which occurred

5

after EWVCTC decided to end her employment, citing Syl. Pt. 4, *Barlow v. Hester Industries, Inc.*, 198 W. Va. 118, 479 S.E.2d 628 (1996). However, we are not able to determine the substance of this argument or identify any after-acquired evidence, as Ms. Judy makes no citations to the record and does not elaborate on the subject. Moreover, it is not clear whether this alleged error was preserved below. Accordingly, we decline to address it. *See* Syl. Pt. 6, *State v. Byers*, 159 W. Va. 596, 224 S.E.2d 726 (1976) ("This Court will not consider an error which is not preserved in the record nor apparent on the face of the record."); *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal.").

In her last assignment of error, Ms. Judy contends that the circuit court should have entered an order on her November 2022 motion for leave to amend her complaint. Upon review of the record, the circuit court administratively disposed of the motion without issuing a ruling. However, we also find nothing in the record to demonstrate that Ms. Judy moved the court to rule on her motion before bringing this appeal, or even before filing her motion for summary judgment below. Regardless, this Court lacks jurisdiction to compel the circuit court to enter an order on her motion for leave to amend, and any ruling, or lack thereof, is not properly before this Court.[2] Accordingly, we decline to address this argument.

Finally, we note that respondent EWVCTC raised two assignments of error in its response brief, asserting that it is entitled to qualified immunity and that the WVHRA does not apply to Ms. Judy because she was an independent contractor. However, we need not address these arguments, as they are mooted by the disposition of petitioner's assignments of error.

Accordingly, we affirm the circuit court's October 3, 2023, order.

Affirmed.

**ISSUED:** December 23, 2024

**CONCURRED IN BY:**

---

[2] The Intermediate Court of Appeals does not have jurisdiction over "[j]udgments or final orders issued in proceedings where the relief sought is one or more of the following extraordinary remedies: writ of prohibition, **writ of mandamus**, writ of quo warranto, writ of certiorari, writ of habeas corpus, special receivers, arrests in civil cases, and personal safety orders." *See* W. Va. Code § 51-11-4(d)(10) (2024) (emphasis added).

6

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear